UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUACHANH PHETCHAMPHONE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | No.  1:26-cv-01890-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(A-Number: 025-195-215)<br><br>(Docs. 1, 10)<br><br>**14-DAY OBJECTION PERIOD** |

Petitioner Bouachanh Phetchamphone ("Petitioner"), a federal immigration detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

I.     **Background**

On March 9, 2026, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center, located in California City. (Doc. 1 ¶ 1). On March 11, 2026, the Court reviewed Petitioner's petition, finding it appears to raise factual and legal issues that this Court has resolved in other cases where ICE's failure to comply with 8 C.F.R. §§ 241.4 and 241.13 in revoking a petitioner's release from custody on grounds of "changed circumstances" violated the petitioner's constitutional right to procedural due

1

process.  (Doc. 7) (citing *Yan-Ling X. v. Lyons,* No. 1:25-cv-01412-KES-CDB (HC), -- F. Supp. 3d --, 2025 WL 3123793 (E.D. Cal. Nov. 7, 2025) (granting preliminary injunction), 2026 WL 494468 (E.D. Cal. Feb. 23, 2026) (F&R to grant petition for writ of habeas corpus)).  The Court directed Respondents to show cause in writing as to whether there are any factual or legal issues in this case that render it distinct from the Court's prior order in the case noted above and would justify denial of the writ. *Id.*  On March 20, 2026, Respondents filed a motion to dismiss the petition as a response to the order to show cause, contending that the petition should be dismissed because Petitioner's removal to Laos is imminent.  (Doc. 8).

On April 1, 2026, because a review of ICE's detainee locator as of 03/31/2026 for Petitioner's name, A-number, and country of birth returned zero results, suggesting that Petitioner no longer remains in immigration detention, the Court ordered Respondents to file no later than April 3, 2026, a status report confirming wither Petitioner's removal to Laos supported by a declaration from a knowledgeable witness attesting to the circumstances of Petitioner's removal, or confirmation of Petitioner's continued detention by immigration authorities.  (Doc. 9).

Pending before the Court is Respondents' status report and declaration of Deportation Officer Andrea L. Vermillion in support thereof, filed on April 2, 2026.  (Doc. 10); (Doc. 10-1, Declaration of Deportation Officer Andrea L. Vermillion ("DO Vermillion Decl.")).  Respondents confirm that Petitioner has been successfully removed to Laos.  (Doc. 1 at 1).  Andrea L. Vermillion, deportation officer ("DO") assigned to Petitioner's case, declares that on March 25, 2026, she confirmed that Petitioner was removed to Laos.  DO Vermillion Decl. ¶¶ 5–7.

## II.   Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)).  "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release

or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

**III.    Discussion**

Here, Petitioner's petition seeks immediate release from custody or, in the alternative, a bond hearing in which the government bears the burden to establish by clear and convincing evidence that Petitioner presents a risk of flight or danger to justify his detention. (Doc. 1 at 17). Given Respondents declare that Petitioner was removed from the United States following the issuance of travel documents by Laos authorizing Petitioner's removal thereto, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition. Review of ICE's detainee locator for Petitioner's name (Bouachanh Phetchamphone), A-number (025-195-215), country of birth (Laos), and date of birth confirms there are zero results indicating Petitioner remains in immigration detention.[1] *See* (Doc. 1 at 1); (Doc. 8-2 at 1). Thus, Petitioner's removal to his country of origin moots the relief he seeks in his petition. *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or

---

[1] *See* https://locator.ice.gov/odls/#/search (last visited April 3, 2026); *see also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]").

3

controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found and dismissed for mootness under similar circumstances. *See, e.g.*, *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

**IV.     Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and

2.  The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE